IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Eugene Stilp, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Civil Action No. _____ |
| | : | |
| Borough of Lewistown, | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |

### Complaint

Plaintiff Gene Stilp by undersigned counsel Mette, Evans & Woodside files this complaint to challenge the Borough of Lewistown's open burning ordinances that unconstitutionally suppress his First Amendment right to burn political flags as a form of political protest.

**I.     Parties**

1. Plaintiff Gene Stilp ("Stilp") is an adult individual.

2. Defendant Borough of Lewistown ("Borough") is a political subdivision of the Commonwealth of Pennsylvania that maintains a principal office at 2 East Third Street, Lewistown, Mifflin County, Pennsylvania, 17044.

**II.    Jurisdiction and Venue**

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), because the Borough is located in the Middle District of Pennsylvania.

5. Plaintiff seeks equitable and legal relief.

### III. Facts

6. The allegations of the foregoing paragraphs are incorporated by reference.

7. Stilp is a prominent political activist in Pennsylvania who frequently conducts public protests of political corruption and racial injustice.

8. Over the past several years, Stilp has publicly burned political flags in various locations throughout the United States as a means of protesting politicians and political ideologies he opposes.

9. As part of these protests, Stilp has often burned flags bearing images and slogans supportive of former President Donald Trump.

10. In furtherance of this, Stilp planned to burn four flags at a political protest to be held in front of the Mifflin County Courthouse on September 25, 2022: a Trump campaign flag sewn together with a Nazi flag, a Trump campaign flag sewn together with a flag of the former Soviet Union, a Trump campaign flag sewn together with a Confederate flag, and a combined flag consisting of a Trump campaign flag sewn together with a Confederate flag, a Nazi flag, and a former Soviet Union flag ("Trump Protest Flags").

11. Stilp's intended purpose in burning the Trump Protest Flags was to make a public statement in opposition to the policies of the Trump Administration and the 2020 Trump for President reelection campaign.

12. The area in front of the main doors of the Mifflin County Courthouse is open to the public and is a traditional public forum.

13. On September 25, 2020, Stilp appeared on the sidewalk in front of the courthouse and prepared to burn the Trump Protest Flags in a steel trash can.

14. At that time, several people, including local law enforcement officers, a state trooper, personnel from the Mifflin County Sheriff's Office, and a firefighter watched as Stilp prepared to burn the Trump Protest Flags.

15. A law enforcement officer advised Stilp that if he proceeded with the protests he would be issued a citation.

16. Wishing to exercise his First Amendment rights, Stilp proceeded to ignite the combined Trump Protest Flags in the presence of the onlookers.

17. The firefighter approached Stilp, extinguished the fire as soon as it was lit and confiscated the combined Trump Protest Flags.

18. The Borough maintains an ordinance that regulates open burning. See Chapter 110, Article II of the Codified Ordinances of the Borough of Lewistown. The relevant chapter and related sections of the Codified Ordinances (§§ 110-20 through 110-37) (collectively "Burn Ordinance"), are attached as Exhibit A.

19. The Burn Ordinance expressly incorporates the International Fire Code of 2015 ("IFC") as modified by various provisions in the Borough's Ordinance.  Ordinance § 110-21(A)(1).

20. The 2015 edition of the IFC (2015) specifically permits and defines "recreational fire" as follows,

> **RECREATIONAL FIRE.** An outdoor fire burning materials other than rubbish where the fuel being burned is not contained in an incinerator, outdoor fireplace, portable outdoor fireplace, barbeque grill or barbeque pit and has a total fuel area of 3 feet (914 mm) or less in diameter and 2 feet (610 mm) or less in height for pleasure, religious, ceremonial, cooking, warmth or similar purposes.

IFC (2015) at § 202.

21. The IFC (2015) allows a "recreational fire" without prior government permitting or approval if (a) the fuel area does not exceed three feet in diameter and two feet in height, (b) the fire is not conducted within 25 feet of a structure or combustible material, and (c) no conditions exist that could cause a fire to spread within 25 feet of any structure.  IFC (2015) §§ 202, 307.4.2.

22. The fire that Stilp lit satisfied all such requirements.

23. However, the Borough modified the IFC provisions governing bonfires and recreational fires as follows,

> § 110-32  **Outdoor fires and open burning.**
>
> A.   Except as provided in certain cases for processes or uses governed by the Fire Prevention Code, and except in the case of bonfires held by civic, charitable, educational or other like

organizations with the approval of the Chief of the Fire Department and under the direction and supervision of the Fire Department, open fires outdoors are prohibited, and no person shall burn any grass, leaves, litter, yard or garden trimmings, rubbish or wood outdoors unless the fire is contained in an incinerator, the location and construction of which have been approved by both the Fire Prevention Bureau and the Building Codes, Property Codes and Zoning Code Department.

24. The IFC's exceptions for "civic, charitable, educational or other like organizations" are reasonably interpreted to encompass Stilp's actions to educate the public of his views opposing political figures and policies he opposes.

25. The Borough prescribes penalties for violation of its Open Burn Ordinance,

§ 110-37 **Violations and penalties.**

A.   Fines; definition.

   (1) Any person who violates any provision of this article or any provision of the Fire Prevention Code or who fails to carry out or comply with an order of the Fire Prevention Bureau or a Bureau officer shall, upon conviction of the offense, be sentenced to pay a fine of not more than $1,000 and the costs of prosecution and, upon failure to pay such fine and costs, to imprisonment for not more than 30 days.

   …

B.   Each day that an order of the Bureau or a Bureau officer is not complied with shall be deemed to constitute a new or separate offense under Subsection A and subject in all respects to the same penalty as is provided in Subsection A, and a separate prosecution may be instituted and a separate fine imposed for each offense committed after the first offense.

  C. The imposition of a penalty under this section shall not preclude the Borough from instituting an appropriate action or proceeding to prevent, restrain, correct or abate a violation or any act, conduct, condition, work, activity, process, use, installation or occupancy which is not permitted by this article or the Fire Prevention Code, including, but not limited to, the right of the Borough to recover the cost and expense of such correction or abatement, as applicable, by the filing of a municipal claim in the manner provided by law for the collection of municipal claims or by an action in assumpsit (a civil action).

Ex. A.

  26. As written, the Burn Ordinance either bans burning flags in political protest in all geographic locations within the Borough, an overbroad prohibition against expressive conduct, or it arbitrarily discriminates between people like Stilp who would burn flags in political protest and those fires lit by civic, charitable, educational or other like organizations.

  27. The Burn Ordinance contains no express exception allowing for the burning of flags in public protest, rendering it unconstitutional on its face as violative of the First Amendment guarantee of freedom of expression.  See *Texas v. Johnson,* 491 U.S. 397 (1989).

  28. The Burn Ordinance, however, makes an exception for setting fires "in the case of bonfires held by civic, charitable, educational or other like organizations with the approval of the Chief of the Fire Department and under the direction and supervision of the Fire Department" Burn Ordinance § 110-32.

29. The Burn Ordinance is facially unconstitutional because it unconditionally allows open burnings by other civic, charitable, and educational organizations, but is discriminatory towards individuals like Stilp engaging in burning Trump Protest Flags to publically protest and educate the public on policies espoused by the then Trump Administration and Trump reelection campaign.

30. Irrespective of any allowance for opening burning for political expression, the Borough interprets and applies the Burn Ordinance as though such fires are prohibited even though otherwise meeting both the definitions of "recreational fire" under the IFC and falling within the exception permitting open burnings by "civic, charitable, educational, or other like organizations" with prior approval of the chief of the fire department.

31. Despite the language of the Burn Ordinance, the Borough interprets and applies the Burn Ordinance to prohibit fires lit for political demonstration even though otherwise meeting the definition of a fire set for "recreational purposes" or those set by a civil, charitable, educational, or other like organization.

32. The Burn Ordinance is unconstitutional as applied because it was enforced against Stilp by the Borough acting through its authorized law enforcement office to extinguish the burning flag, which was done pursuant to the Borough's policy as embodied in the ordinance.

33. To the extent the Burn Ordinance fails to clearly state whether a fire used for political demonstration is permitted under either "recreational fire" or under the "civic, charitable, educational or other like organization exception," the Burn Ordinance is unconstitutionally vague by allowing the Borough to enforce the Burn Ordinance in an arbitrary and discriminatory manner.

34. Additionally, the vagueness of the language of the Burn Ordinance, with its lack of clarity as to whether a fire used for political demonstration is allowed under the "recreational fire" exception or exception for civic, charitable, educational, or other like organizations, allows the Borough to enforce the Burn Ordinance in an arbitrary and discriminatory way.

35. Because of the actual and arbitrary enforcement of the Burn Ordinance against him, Stilp fears conducting further protests involving flag burning in public places within the Borough of Lewistown.

36. In addition to prospect of issuance of a citation for a summary offense against him if he should again engage in a political protest involving flag burning, Stilp also reasonably fears an action in abatement by the Borough.  Burn Ordinance § 110-37.

37. Stilp desires to hold one or more additional flag burning protests within the Borough, both on courthouse grounds and in other public areas of the Borough.

38. Stilp has no adequate remedy at law for prospective enforcement of the Burn Ordinance against him.

**FIRST CAUSE OF ACTION**
**Violation of Right to Free Speech (Facial Challenge)**
**U.S. Const. amend. I; 42 U.S.C. § 1983**

39. The averments of the foregoing paragraphs are incorporated by reference.

40. The Burn Ordinance facially violates the First Amendment and is overly broad by prohibiting the burning of flags as an act of public protest at all times within the geographic limits of the Borough.

41. The Burn Ordinance facially inhibits Stilp's right to free speech by prohibiting expressive conduct for the purposes of political demonstration while permitting other qualitatively expressive conduct for non-political (i.e. civic, charitable, educational) purposes.

42. The Burn Ordinance's total ban on burning has also chilled Stilp's ability to conduct future protests involving the burning of flags, a unique form of expressive conduct.

43. Stilp is in reasonable fear of prosecution for a summary offense in addition to an action in abatement by the Borough if he would again attempt to burn flags as a means of expressing his political views.

**WHEREFORE**, Plaintiff Gene Stilp prays the Court to:

  a. DECLARE the Burn Ordinance FACIALLY UNCONSTITUTIONAL under the First Amendment;

  b. PERMANENTLY ENJOIN enforcement of the Burn Ordinance by the Borough of Lewistown ; and

  c. AWARD attorneys fees pursuant to 42 U.S.C. § 1988, costs of suit and such other relief as is just and equitable.

### SECOND CAUSE OF ACTION
### Violation of Right to Free Speech (As Applied Challenge)
### U.S. Const. amend. I; 42 U.S.C. § 1983

44. The averments of the foregoing paragraphs are incorporated by reference.

45. Irrespective of the language of the Burn Ordinance, Defendant has both applied and threatened to apply the Burn Ordinance in violation of Stilp's right to free speech under the First Amendment.

46. Defendant has both applied and threatened to apply the Burn Ordinance to Stilp in an arbitrary and capricious manner by extinguishing the fire set for political demonstration despite Stilp having undertaken this action for a substantially similar purpose as those taken in connection with a fire set for either recreational purposes or by a civic, charitable, educational, or other like organization.

47. Such action by the Borough demonstrates that, apart from whether the Ordinance facially allows the use of open burning for political demonstration if meeting the definition of fires set for recreational purposes, the Borough applies the Burn Ordinance in a way so as to prohibit such open burning.

48. Stilp is in reasonable fear of prosecution for a summary offense and an action in abatement under the Burn Ordinance if he would again attempt to conduct a flag-burning protest because of the actions taken by local law enforcement against him on September 25, 2020.

**WHEREFORE**, Plaintiff Gene Stilp prays the Court to:

a. DECLARE the Burn Ordinance UNCONSTITUTIONAL AS APPLIED under the First Amendment;

b. PERMANENTLY ENJOIN enforcement of the Burn Ordinance against Plaintiff Gene Stilp; and

c. AWARD attorneys fees pursuant to 42 U.S.C. § 1988, costs of suit and such other relief as is just and equitable.

**THIRD CAUSE OF ACTION**
**Burn Ordinance Void for Vagueness Under the Fourteenth Amendments**
**U.S. Const. amend. I , XIV; 42 U.S.C. § 1983**

49. The averments of the foregoing paragraphs are incorporated by reference.

50. Alternatively, the Burn Ordinance is vague in that it does not provide a person of ordinary intelligence with reasonable opportunity to know what conduct is prohibited and to act accordingly to avoid punishment or adverse civil proceedings.

51. The Burn Ordinance is void for vagueness under the Fourteenth Amendment for allowing fires for "recreational purposes" without defining what such recreational purposes encompass, thereby leaving to the discretion of law enforcement the decision to punish people such as Stilp who would use flag burning in political demonstration.

52. The Burn Ordinance is further void for vagueness under the Fourteenth Amendment for allowing fires by "civic, charitable, educational, and other like organizations" without providing a guideline to the enforcing agent to determine whether a group falls into such category, thereby leaving to the discretion of the enforcing agent the decision to decide who falls into the exception and who does not.

53. The Burn Ordinance is reasonably interpreted to include fires lit for recreational purposes, yet the Borough takes the position that the Burn Ordinance prohibits such fires, and the Borough's law enforcement officers, in accordance with Borough policy, extinguished the fire set by Stilp for political demonstration purposes.

54. The Burn Ordinance is reasonably interpreted to exempt Stilp from application of the Burn Ordinance by virtue of the exception for civic, charitable, educational and other like organizations exception, yet the Borough takes the position that the Burn Ordinance prohibits Stilp from lighting a fire for political demonstration, and the Borough's law enforcement officers, in accordance with that policy, enforced the Burn Ordinance against Stilp by extinguishing his fire.

55. Stilp remains under ongoing threat of prosecution if he should again engage in public burning of flags as part of the of protected First Amendment political demonstration.

**WHEREFORE,** Plaintiff Gene Stilp prays the Court to:

    a. PERMANENTLY ENJOIN enforcement of the Burn Ordinance by the Borough of Lewistown against him as VOID FOR VAGUENESS under the First and Fourteenth Amendments; and

    b. AWARD attorneys fees pursuant to 42 U.S.C. § 1988, costs of suit and other such relief as is just and equitable.

## FOURTH CAUSE OF ACTION
### Violation of Right to Free Speech (Damages)
### U.S. Const. amend. I; 42 U.S.C. § 1983

56. The averments of the foregoing paragraphs are incorporated by reference.

57.   Stilp's First Amendment rights to free speech and expression have been suppressed and violated by virtue of the Burn Ordinance, an official ordinance of the Borough of Lewistown.

58.   As a direct and proximate result of such suppression, Stilp has suffered damages for which he must be compensated.

**WHEREFORE**, Plaintiff Gene Stilp prays the Court to ENTER JUDGMENT in his favor and against the Borough of Lewistown for nominal and compensatory damages for the actual suppression of Stilp's First Amendment rights under the Borough's Burn Ordinance, attorneys fees pursuant to 42 U.S.C. § 1988, costs of suit and such other relief as is just and equitable.

Respectfully submitted,

**METTE, EVANS & WOODSIDE**

By: /s/ Aaron D. Martin
    _____
Aaron D. Martin
Pa. Atty. I.D. 76441
Sarah E. Straub
Pa. Atty. I.D. 330748
3401 North Front Street
Harrisburg, PA 17110
(717) 232-5000
admartin@mette.com
sestraub@mette.com

*Attorneys for Plaintiff,*
*Gene Stilp*

Dated: September 26, 2022.

15